Louis Cornelio and Phylis Cornelio, Husband and Wife v. Commissioner.
Cornelio v. Commissioner
Docket No. 57835.
United States Tax Court
T.C. Memo 1959-82; 1959 Tax Ct. Memo LEXIS 167; 18 T.C.M. (CCH) 393; T.C.M. (RIA) 59082; April 27, 1959
*167 Louis Cornelio, pro se, 75 Bird Street, Torrington, Conn., Raymond T. Mahon, Esq., for the respondent. KERN Memorandum Findings of Fact and Opinion Respondent determined additions to petitioners' Federal income tax for the year 1951 under sections 294(d)(1)(A) and 294(d)(2), Internal Revenue Code of 1939, in the respective amounts of $181.04 and $120.70 "for failure to file a declaration of estimated tax and for substantial underestimate of estimated tax." Findings of Fact Petitioners, who are husband and wife, live in Torrington, Connecticut, and filed a timely joint income tax return for the year 1951 with the collector of internal revenue for the district of Connecticut. The income reported in such return was the income of petitioner Louis Cornelio, who will be hereinafter referred to as petitioner. The income reported consisted of salary from Cornelio Motor Sales of Torrington, Connecticut, in the amount of $11,826.70, upon which income tax withheld was shown to be in the amount of $843.95, salary in the amount of $1,827.41 from another company, dividend in the amount of $500, and profit from partnership in the sum of $949.03. The total tax due upon such *168 return was $2,882.94 of which $843.95 was withheld. In 1949 petitioner left the General Motors Institute where he had been attending school and entered business. He filed his first Federal income tax return for that year. This return was prepared for petitioner by a certified public accountant in Torrington named Marshall S. Adorno, who thereafter took care of all of petitioner's tax matters, pursuant to petitioner's request. Petitioner himself knew nothing about the internal revenue laws and relied completely on the advice and instructions of Adorno. Adorno did the accounting work for one of the corporations by which petitioner was employed. He had published a book on taxation. Petitioner considered him to be "probably one of the most competent tax men in the State of Connecticut." Petitioner paid Adorno $15 for preparing his income tax return for 1951. Adorno did not advise petitioner to file a declaration of estimated tax for that year or prepare such a declaration for his signature although he saw petitioner about once a month. During 1951 Adorno advised petitioner that he had overpaid his social security taxes and prepared and presented to petitioner for his signature a form *169 which had to be filed in order for petitioner to get a credit on account of such overpayment. Petitioner did not file any declaration of estimated tax for 1951 or for any year prior thereto. Adorno wrote to petitioner the following letter: "Louis Cornelio Hoerle Boulevard Torrington, Conn.
"Dear Louis: "I am sorry to hear that you have to appear before the tax court for failure to file your 1951 declaration. "I know how your feelings are about the matter since you had relied on my office for your tax guidance. "The reason why we had neglected to advise you to file a declaration in 1951 was that the Internal Revenue Office in our area that was processing tax payers' tax returns at that time were not paying particular attention to enforce the filing of declarations. Later on, the government decided to enforce the regulation and it is regretable [regrettable] that you were penalized. "Very truly yours, (Signed) Marshall S. Adorno Certified Public Accountant" The letterhead upon that letter described Adorno as a certified public accountant and a member of the American Institute of Accountants. The failure of petitioners to file a declaration of estimated tax for the *170 year 1951 was due to reasonable cause. Opinion KERN, Judge: "Reasonable cause" means that the taxpayer exercised ordinary business care and prudence. In this case the petitioner immediately upon starting into the automobile business in 1949 after attending a trade school, entrusted all of his tax matters to a certified public accountant, a member of the American Institute of Accountants and the author of a book on taxation. Petitioner, who had never filed any Federal tax returns, knew that he knew nothing about the Federal income tax laws and relied upon the professional ability of the certified public accountant upon all matters connected with taxes. From the letter set out in our findings it would appear that the accountant's ability might not merit this reliance on the part of petitioner, but on the face of things as they existed in 1951 we are of the opinion that petitioner exercised ordinary business care and prudence in considering that the certified public accountant was qualified to advise and represent him in tax matters. It appears from the letter of the certified public accountant that the latter decided not to advise the filing of or preparation for filing by petitioner *171 [of] any declaration of estimated tax since the local Internal Revenue officials "were not paying particular attention to enforce the filing of declarations." However, the reasons for this decision were not communicated at that time to petitioner. Since, as we have indicated, petitioner was justified, in the exercise of ordinary business care and prudence, in relying in tax matters upon the professional qualifications of the certified public accountant, and his failure to file the declaration of estimated tax was the result of the professional decision of the certified public accountant not to prepare such a declaration for petitioner to file and not to advise petitioner to file it, we conclude that the failure of petitioners to file the declaration here in question was due to reasonable cause. This case differs materially from Coates v. Commissioner, 234 Fed. (2d) 459. In that case the taxpayer had large business interests and dividend income in excess of $60,000 annually, he had been accustomed to filing declarations of estimated tax (having filed such declarations for the 7 years preceding the taxable year), and he was fully aware of the requirement for filing *172 such declarations. In this case the taxpayer had a relatively small income, he had never filed or prepared for filing any declaration of estimated tax for any year, he had never filed any income tax return prior to his return for 1949 and was not aware of the requirement for filing a declaration of estimated tax. The remaining issue involves the question of whether petitioners may be said to have substantially underestimated their estimated tax within the meaning of section 294(d)(2) when they have filed no declaration of estimated tax. If there has been a substantial underestimation the addition to tax is mandatory. We decide this issue against petitioner. See Herbert Schellenbarg, 31 T.C. - (March 31, 1959), and cases therein cited. Decision will be entered under Rule 50.